UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| STATE FARM FIRE & CASUALTY COMPANY, | ) <br> ) |
| Plaintiff | ) <br> ) |
| v. | )    CASE NO. 2:11-CV-29 <br> ) |
| T.B. a minor and KAREN PACHOWICZ, <br> individually and as Parent and <br> Natural Guardian of R.P., a minor, | ) <br> ) <br> ) <br> ) |
| Defendants | ) |

OPINION and ORDER

On February 22, 2009, T.B., a minor, hit R.P., in the mouth causing injury. R.P.'s mother sued T.B. and his parents in state court, seeking to recover damages for the resulting injuries. T.B.'s insurance carrier, State Farm Fire & Casualty Company, agreed to defend T.B. in the underlying lawsuit under a reservation of rights, and filed this declaratory judgment action asking the court to declare that it has no duty to defend or indemnify T.B. under the terms of the homeowners' policy. State Farm has moved for summary judgment. For the following reasons, the court denies the motion.

On February 21, 2009, T.B., then a 15 year old high school freshman, was returning from a basketball game on the team bus when he dropped his cell phone and lost the phone's back. Believing that another team member, R.P., had the missing piece or knew who had it, T.B confronted R.P. that night and again the next day after class. During the February 22 confrontation, T.B. hit R.P. in the

mouth, knocking out a tooth, and causing other injuries. R.P.'s mother, Karen Pachowicz, filed suit on behalf of herself and her son in Lake County Superior Court asserting claims against T.B. for intentional tort and infliction of emotional distress, and against his parents, Randall and Roberta Berg, for negligent supervision and statutory liability for intentional acts of a minor child under IND. CODE § 34-31-4-1.

The Bergs were insured by a State Farm Fire & Casualty Company homeowners policy, No. 14-BE-3823-1, which provided in relevant part as follows:

### SECTION II – LIABILITY COVERAGES

**COVERAGE L – PERSONAL LIABILITY**

If a claim is made or a suit is brought against an insured for damages because of bodily injury or property damage to which this coverage applies, caused by an occurrence, we will:

1. pay up to our limit of liability for the damages for which the insured is legally liable; and

2. provide a defense at our expense by counsel of choice. We may make any investigation and settle any claim or suit that we decide is appropriate. Our obligation to defend any claim or suit ends when the amount we pay for damages to effect settlement or satisfy a judgment resulting from the occurrence, equals our limit of liability.

**COVERAGE M – MEDICAL PAYMENTS TO OTHERS**

We will pay the necessary medical expenses incurred or medically ascertained within three years from the date of an accident causing bodily injury….This coverage applies only:
***
2. to a person off the insured location, if the bodily injury:

2

>                          ***
>    b.   is caused by the activities of an insured;....
>
>                          ***

### SECTION II – EXCLUSIONS

> 1. Coverage L and Coverage M do not apply to:
>
>    a.   bodily injury or property damage:
>
>         (1)   which is either expected or intended by the insured; or
>
>         (2)   which is the result of willful and malicious acts of the insured;....

The policy contains the following definitions:

> 1. "bodily injury" means physical injury, sickness, or disease to a person. This includes required care, loss of service and death resulting therefrom.
>
> 4. "Insured" means you and, if residents of your household:
>    a.   your relatives;....
>
> 7. "occurrence," when used in Section II of this policy, means an accident, including exposure to conditions which results in:
>    a.   bodily injury;....
>    during the policy period. Repeated or continuous exposure to the same general conditions is considered to be one occurrence....

State Farm sent a letter to T.B. in March 2009, reserving its right to deny coverage to him, and anyone claiming coverage under the policy, and advising that:

> There is a question as to whether or not there has been an occurrence as defined in the policy issued to Randy and Roberta B

3

>   There is a question as to whether or not this loss involved bodily injury, which was either expected or intended by an insured, or which was the result of willful and malicious acts of an insured.

State Farm filed this declaratory judgment action against T.B. and Karen Pachowicz, asking the court to determine its rights and liabilities under the terms of the policy and enter a judgment finding that State Farm has no duty to defend or indemnify T.B. with respect to the claims against him in the underlying lawsuit. Pursuant to a stipulation, the court entered judgment against Ms. Pachowicz in May 2011. [Doc. Nos. 23]. State Farm's summary judgment motion with respect to T.B. now pends before the court.

Summary judgment is appropriate when the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c)(2). The court construes the evidence and all inferences that reasonably can be drawn from the evidence in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the party opposing the motion can't rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing

that there exists a genuine issue for trial. Anderson v. Liberty Lobby, 477 U.S. at 248.

In the context of declaratory judgment actions, "[w]hen . . . the basis of jurisdiction is diversity, most courts rely on the applicable state law to determine which party shoulders the burden of proving the facts." Am. Nat. Fire Ins. Co. v. Rose Acre Farms Inc., 911 F.Supp. 366, 369 (S.D. Ind. 1995). Indiana law assigns the burden of proof to the party seeking declaratory judgment. Sans v. Monticello Ins. Co., 718 N.E.2d 814, 819 (Ind. Ct. App. 1999). State Farm bears the initial burden of showing that there is no genuine issue of material fact.

State Farm contends that coverage is excluded with respect to T.B. under the insurance policy's intentional act and/or willful and malicious act exclusions because intent to cause harm can be inferred as a matter of law. T.B. acknowledged in his deposition that he intended to hit R.P, but maintains that he didn't expect or intend to harm him and was only trying to recover the missing piece of the phone as his father told him to do, and that a genuine issues of material fact exists as to T.B.'s intent precluding summary judgment. Citing Southport Little League v. Vaughan, 734 N.E.2d 261 (Ind. App. 2000), Tindall v. Enderle, 320 N.E.2d 764 (Ind. App. 1974), and L.S. Ayres & Co. v. Harmon, 104 N.E.315 (Ind. App 1914), for the proposition that a principal can be liable for his agent's intentional acts if the agent's actions are within the scope of his authority, T.B. also contends that State Farm should defend and indemnify him (the agent)

without reservation because it's defending and indemnifying his father (the principal) without reservation. Both parties submitted excerpts from T.B.'s January 12, 2011 deposition [Doc. Nos 34-1 and 41-2] in support of their position, and an affidavit from State Farm Claims Representative Floretha Harrell attesting the State Farm is defending T.B. in the underlying lawsuit under a reservation of rights, and is defending Randall and Roberta Berg without reservation against the negligent supervision and statutory parental liability claims [Doc. Nos. 34-8 and 41-3].[1]

T.B.'s principal/agent argument ignores the nature of the claims asserted against Randall Berg. The underlying complaint alleges that Mr. Berg was negligent and is strictly liable for his son's intentional acts under IND. CODE § 34-31-4-1. It doesn't allege liability under a principal/agent theory or claim that Mr. Berg engaged in any intentional act that caused the injury. If it had, State Farm conceivably would have reserved its right to deny coverage as to him as well – a

---

[1] State Farm also submitted excerpts from the depositions of R.P. [Doc. No. 34-2], Randall and Roberta Berg [Doc. Nos. 34-3 and 34-4], and Z.M. (a classmate) [Doc. NO. 34-5] and T.B.'s and R.P.'s answers to interrogatories [Doc. Nos. 34-6 and 34-7], to show that T.B. told other students he was going to fight R.P. before the incident occurred, that T.B. intended to hit R.P., and that T.B would not have been subject to discipline by his parents if he'd returned home without the missing piece, despite his father's admonition not to "come home without it." In response, T.B. submitted an affidavit by his father, Randall Berg, dated October 19, 2011, in which Mr. Berg attests that "[T.B.] was acting at my directions, as my agent, to retrieve the missing property; that he told T.B. to, "[g]et it back," and "[d]on't come home without it;" that he didn't give any direction as to how to get the piece back or "restrict the means by which he should get the phone back, including using physical force;" and that "[i]t was reasonable for T.B. to assume that I would discipline and punish him if he did not return home with . . . the cell phone." [Doc. No. 41-1]. This additional evidence addresses facts that generally aren't disputed or, for reasons to be discussed, aren't material in determining whether the expected and intended injury or willful and malicious acts exclusions apply in this case as a matter of law.

result neither Ms. Pachowicz nor the Bergs desire. Whether T.B. was acting under his father's instructions doesn't change the nature of T.B's actions, the nature of the claims asserted, or State Farms' rights and liabilities under the insurance policy as they pertain to T.B. The dispositive issue in this case isn't whether the act of hitting R.P. was intentional — T.B. admitted that he intended to hit R.P. — but whether T. B. intended to harm R. P. when he hit him. T.B. maintains that he didn't. State Farm contends that harm can be inferred as a matter of law, citing Allstate Ins. Co. v. Wiley, 2010 WL 381608 at *3 (S.D. Ind. 2010), Economy Premier Assurance Co. v. Wernke, 521 F.Supp.2d 852, 856-57 (S.D. Ind. 2007), State Farm Fire & Casualty Co. v. Miles, 730 F.Supp. 1462, 1467 (S.D. Ind. 1990), and Home Ins. Co. v. Neilsen, 332 N.E.2d 240, 242 (Ind. App. 1975).

In Home Ins. Co. v. Neilsen, 332 N.E.2d 240, 242 (Ind. App. 1975), the court held that intent to cause injury "may be established either by showing an actual intent to injure, or by showing the nature and character of the act to be such that intent to cause harm to the other party must be inferred as a matter of law," and found that an intent to harm could be inferred as a matter of law from a deliberate blow to the face under the circumstances in that case. Id. at 451. But the Home Ins. court did not elaborate on what those circumstances were. More recent opinions have distinguished or declined to extend Home Ins. v. Neilsen. *See*, Auto-Owners Ins. Co. v. Harvey, 842 N.E.2d 1279, 1289 (Ind. 2006); PSI Energy,

Inc. v. Home Ins. Co., 801 N.E.2d 705 (Ind. App. 2004); Coy v. Nat'l Ins. Ass'n, 713 N.E.2d 355, 359 (Ind. App. 1999).

In PSI Energy, Inc. v. Home Ins. Co., 801 N.E.2d 705 (Ind. App. 2004), the court of appeals addressed whether an expected or intended damage exclusion should bar coverage "only upon a showing of the policyholder's actual subjective expectation or intent to injure." Id. at 727. Quoting Coy v. Nat'l Ins. Ass'n, 713 N.E.2d 355, 360 (Ind. App. 1999), the court noted that "intent to injure can be inferred in certain situations where actual intent cannot be shown, if the nature and character of the act are such that intent to cause harm must be inferred as a matter of law," but such an inference "applies only where reason mandates that from the very nature of the act, harm to the injured party must have been intended." PSI Energy, Inc., 801 N.E.2d. at 729. The Indiana Supreme Court recognized that,"[t]he analysis in *PSI Energy* accurately reflects the applicable law on this issue." Auto-Owners Ins. Co. v. Harvey, 842 N.E.2d 1279, 1291 (Ind. 2006)

> Thus, it is possible that, in determining a motion for summary judgment, a court may find no genuine issue of material fact as to whether designated evidence calls for the application of an exclusion for injuries "intended by an insured." But to do so, the party moving for summary judgment must convince the court that the evidence is so overwhelming as to mandate the court to conclude that, from the very nature of an insured's actions, harm must have been intended. The "no genuine issue of fact" requirement for summary judgment may be satisfied by such certainty in the level of proof.

Id. at 1291.

State Farm hasn't presented sufficient evidence to establish the level of certainty required to support an inference of intent to harm as a matter of law in this case. The cases on which State Farm relies generally involved prior judicial determinations of intent to cause harm (criminal adjudications or jury findings), or are factually distinguishable. *See* State Farm Fire & Casualty Co. v. C.W., 2010 WL 597930 at *2-3 (N.D. Ind. Feb. 17, 2010) (intent to harm inferred for purposes of summary judgment after insured minor convicted of molesting the victim and conviction affirmed); Allstate Ins. Co. v. Wiley, 2010 WL 381608 at *1 and 3 (S.D. Ind. Jan 26, 2010) (insured pleaded guilty to criminal recklessness resulting in serious bodily injury after hitting the victim causing him to fall and hit his head on a pool table and admitted under oath that he intended to harm the victim); Economy Premier Assurance Co. v. Wernke, 521 F.Supp.2d 852, 855 n.4 (S.D. Ind. 2007) (intent to harm inferred for purposes of summary judgment where insured minor stuck victim in the face breaking his jaw, was convicted of disorderly conduct in violation of Ind. Code § 35-45-1-3(a)(1), and provided no evidence to support contention that harm wasn't expected or intended); Allstate Ins. Co. v. Barnett, 816 F.Supp. 492, 494 (S.D. Ind. 1993) (intent to harm inferred for purposes of summary judgment after insured pleaded guilty to criminal recklessness while armed with a deadly weapon following incident in which insured pursued victim with a loaded firearm following an argument, and discharged the weapon inside a residence causing injury to the victim); State Farm

Fire & Casualty Co. v. Miles, 730 F.Supp. 1462, 1463 and 1466-1468 (S.D. Ind. 1990) (insured pleaded guilty to criminal battery after hitting victim in the head with a hammer); Home Ins. Co. v. Neilsen, 332 N.E.2d at 447 (declaratory judgment entered after trial). Such circumstances are not present here. Although it appears from statements made during the depositions of T.B. and Mr. Berg that a criminal charge was filed against T.B. after the incident, there is no indication of the disposition of that charge. The deposition excerpts and answers to interrogatories provide no information about what T.B. actually knew, or the circumstances surrounding the incident such as any size and strength disparity between T.B. and R.P., T.B.'s proximity to R.P., or T.B.'s awareness of other fights resulting in similar injuries. Such factors may be relevant in determining intent to harm. *See* Auto-Owners Ins. Co. v. Harvey, 842 N.E.2d at 1291. The summary judgment record could support a finding that T.B. intended to hit R.P., but was surprised to see R.P.'s tooth fall out, and that he "really didn't think that would happen," and didn't expect the amount of damage, even though he understood losing a tooth was a possibility. (January 12, 2011 Deposition of T.B. at pp.25-26 [Doc. Nos. 34-1 and 42-2]).

If T.B. intended to harm R.P. when he hit him, State Farm is entitled to a declaration that it owes him neither defense nor indemnity and isn't liable for the damages caused by T.B.'s actions. But a credibility issue exists for the fact finder at trial. Stout v. Underhill, 734 N.E.2d 717, 721 (Ind. App. 2000).

State Farm's assertion that coverage should also be excluded as to T.B. under the willful and malicious act exclusion fails at the summary judgment stage for similar reasons. In Lazarus Dept. Store v. Sutherlin, 544 N.E.2d 513 (Ind. App. 1989), the court found the following definitions of "malice" and "willful and wanton misconduct" to be an accurate statement of the law concerning punitive damages:

> MALICE: a wrongful act intentionally done without legal justification or excuse with an intent to inflict injury.
>
> WILLFUL AND WANTON MISCONDUCT: A course of action which shows an actual or deliberate intention to cause injury or which, under existing conditions, shows either an utter indifference or conscious disregard for the rights of others.

Id. at 525. Whether T.B. had the subjective intent to injury R.P. is a question of fact, not a question of law to be resolved at summary judgment.

Accordingly, the court DENIES State Farm's motion for summary judgment [Doc. No. 32].

SO ORDERED.

ENTERED:   February 8, 2012

/s/ Robert L. Miller, Jr.
Judge
United States District Court